UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    :
MICHAEL HAVERLAND ARCHITECT, P.C.,          :
    :
                    Plaintiff,              :
    :                    COMPLAINT
        -against-                           :
    :
RICHARD H. LEWIS ARCHITECT,                 :
    :
                    Defendant.              :
    :
    :
    :
------------------------------------------------------------------X

        Plaintiff Michael Haverland Architect, P.C. ("Haverland"), by its attorneys, Menaker & Herrmann LLP, for its complaint against defendant Richard H. Lewis Architect alleges as follows:

        1.    Haverland is a professional corporation in the business of providing architectural and design services in interstate commerce. It is organized under the laws of the State of New York and has its principal place of business at One Union Square West, Suite 808, New York, New York.

        2.    Upon information and belief, defendant Richard Lewis Architect ("Lewis") is an individual in the business of providing architectural and design services, and has his principal place of business at 444 Central Park West, Suite 12E, New York, New York. . Upon information and belief, Lewis sells goods and services in interstate commerce.

## JURISDICTION AND VENUE

        3.    This suit is brought under the Copyright Act, 17 U.S.C.A. § 501 et seq., and the Court accordingly has jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. § 1331.

4. This Court also has jurisdiction of the state law unfair competition claims herein under the provisions of 28 U.S.C. § 1331 in that said claims are joined with a substantial and related claim under the Copyright Law of the United States, 17 U.S.C. § 101 et seq.

5. The material violations at issue in this action took place in Suffolk and New York Counties. Accordingly, venue properly lies in the Southern District of New York, pursuant to 28 U.S.C. §1391(b) and (c).

## BACKGROUND FACTS

6. Beginning in or around April 2005, a client of Haverland's ("Client") retained Haverland in connection with a construction and renovation project for a residence located at 25 Green Hollow Road in East Hampton, NY, for which Haverland created certain architectural and construction designs ("Designs").

7. Pursuant to the terms of the proposal and agreement sent to the Client on or about April 2, 2005 (the "Agreement"), Haverland retained ownership in the copyright in the Designs.

8. Thereafter, Haverland prepared the Designs and provided them to the Client.

9. Haverland registered the copyright in the designs in 2010, under Copyright No. VAu1-056-541.

10. To date, the Client has never fully paid Haverland for the Designs, but Haverland has not brought legal proceedings against the Client.

11. Haverland understood from information provided to him that construction on the project ceased in 2010, prior to completion of the entirety of the construction work, and

specifically before construction of the interior renovations to the main house, including plan reconfigurations, new windows and doors, a new fireplace, reconfigured mezzanine and a foyer addition had commenced.

12. Haverland was not aware of any further construction work on the project from the time it appeared to cease in 2010 until the autumn of 2013.

13. In October 2013, the Client told Haverland that he had misplaced his copy of the Designs and requested an additional copy, which Haverland provided.

14. When the Client requested an additional copy of the Designs, he did not advise Haverland that he intended to use them to approach another architect, nor did he advise Haverland that he intended to proceed with construction.

15. In November 2013, Haverland had a conversation with a contractor named Scott Moore ("Moore"), who mentioned in passing that his construction firm was "building your designs at Green Hollow and they look great."

16. Moore advised Haverland that the project was then being constructed under the architectural guidance of Lewis.

17. Haverland subsequently conducted his own examination and discovered that Lewis had filed designs with the Town of East Hampton Building Department which were substantially identical to the Designs that Haverland had provided to the Client

18. Thereafter, Haverland, through his counsel, sent letters to the Client and Lewis dated July 9, 2014, demanding that construction cease and desist, and that Client pay the fees still owed pursuant to the terms of his Agreement with Haverland.

19. In a telephone conversation on or about July 31, 2014, Lewis' counsel admitted to plaintiff's counsel that Lewis had in fact seen plaintiff's Designs.

20. Lewis's counsel denied that Lewis had infringed Haverland's copyright.

21. The Client, through his counsel, further asserted that he was unaware that its actions infringed upon Haverland's copyright.

22. The Client, through his counsel, has stated that he believed that Lewis was in a better position than the Client to determine whether the actions taken by Lewis infringed Haverland's copyright.

23. Haverland brings this action against Lewis for copyright infringement and related state law causes of action, holding in abeyance and reserving all rights against the Client..

## COUNT I
### (DAMAGES FOR COPYRIGHT INFRINGEMENT)

24. Plaintiff incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

25. Lewis has infringed plaintiff's copyright by creating copies of and derivative works from plaintiff's Designs.

26. In a telephone conversation on or about July 31, 2014, Lewis' counsel admitted to plaintiff's counsel that Lewis had in fact seen plaintiff's Designs.

27. Upon information and belief, defendants have wrongfully copied copyrightable and copyrighted elements of Haverland's design, including but not limited to:

(a)     The addition of an entry foyer using not only the dimensions designed by Haverland, but materials (steel, glass, and stucco) in a configuration chosen and specified by Haverland;

(b)     Placement and configuration of windows in a mullion pattern, as designed by Haverland, and using a unique material selected by Haverland;

(c)     Addition and configuration of an additional bathroom on the main floor, in the manner designed by Haverland;

(d)     The addition and configuration of a staircase from the main floor of the house to the upstairs bedroom, in the manner designed by Haverland;

(e)     The addition and configuration of a staircase to the basement, in the manner designed by Haverland;

(f)     The redesign of the mezzanine, raising it to the second floor of the building in the manner designed by Haverland;

(g)     Addition and configuration of a new fireplace in the manner designed by Haverland;

(h)     Reconfiguration of the second floor bedrooms in the manner designed by Haverland;

(i)     New configuration and renovation of the second floor bathroom in the manner designed by Haverland;

(j)     Full renovation of the kitchen on the ground floor in the manner designed by Haverland.

28. Defendant's alleged acts of copyright infringement have been willfully committed.

29. Defendant's actions as aforesaid constitute an infringement of plaintiff's registered copyright in the Designs.

30. By reason of the foregoing, plaintiff is entitled to recover as damages the amount of Defendant's profits, the actual damages suffered by plaintiff, and the costs of this action.

## COUNT II
### (STATUTORY DAMAGES FOR WILLFUL COPYRIGHT INFRINGEMENT)

31. Plaintiff incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff registered the copyright in the Designs prior to the infringements alleged herein.

33. Plaintiff's designs bore plaintiff's copyright notice.

34. Defendant was fully aware of plaintiff's copyright in the designs.

35. Defendant's infringement of plaintiff's copyright in the Designs was knowing and willful.

36. By reason of the foregoing, plaintiff is entitled to receive statutory damages in the amount of $150,000 per act of infringement.

## COUNT III
### (TORTIOUS INTERFERENCE WITH CONTRACT)

37. Plaintiff incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

38. Upon information and belief, the Client provided Lewis with copies of the Designs, which bore Haverland's signature block.

39. Upon information and belief, Lewis was aware of Haverland's Agreement with the Client.

40. Upon information and belief, Lewis copied and used Haverland's plans in connection with Lewis' work on the Project.

41. Upon information and belief, Lewis copied Haverland's plans, improperly replaced Haverland's signature block with Lewis's, and filed the improperly modified documents with the Department of Buildings in Suffolk County.

42.

43. Upon information and belief, Lewis acted intentionally and improperly to cause the Client to breach its Agreement with Haverland.

44. By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
(TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)

45. Plaintiff incorporates by reference paragraphs 1 through 44 above as if fully set forth herein.

46. While Haverland was working on the Project, the Client repeatedly requested him to permit work to proceed on the project without permits.

47. Haverland refused to allow work to proceed on the Project without obtaining the necessary permits.

48. Upon information and belief, Lewis agreed to, and did in fact allow work to proceed on the Project without obtaining the required permits.

49. Upon information and belief, Lewis was aware of Haverland's business relationship with the Client.

50. Upon information and belief, Lewis acted intentionally and improperly to cause the Client to terminate its business relationship with Haverland.

51. By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
### (ATTORNEYS' FEES)

52. Plaintiff incorporates by reference paragraphs 1 through 51 above as if fully set forth herein.

53. Plaintiff is entitled to recover attorneys' fees and costs pursuant to Section 505 of the Copyright Act.

WHEREFORE, plaintiff prays for judgment:

(a) awarding plaintiff damages in the amount of defendant's profits and the damages sustained by plaintiff by reason of said acts of infringement complained of herein;

(b) awarding plaintiff statutory damages in the amount of $150,000 per act of infringement, by reason of defendant's willful infringement of plaintiff's registered copyright;

(c) awarding plaintiff damages for tortious interference with contract in an amount to be determined at trial;

(d) awarding plaintiff damages for tortious interference with business relations in an amount to be determined at trial;

(e) awarding plaintiff costs and disbursements of this action, including but not limited to attorneys' fees; and

(f) for such other and further relief as to this Court may seem just.

Dated: New York, New York
March 22, 2016

MENAKER & HERRMANN LLP

By: _____
CHERYL L. DAVIS

Attorneys for Plaintiff
10 East 40th Street
New York, New York 10016
(212) 545-1900

TO: RICHARD H. LEWIS ARCHITECT
444 Central Park West, Suite 12E
New York, New York 10025
(212) 865-5661